# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2360 | **DATE** | 12/28/2011 |
| **CASE TITLE** | U.S. ex rel. Antonio Salgado (#A-82405) vs. Warden David Rednour | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the habeas corpus petition as to all claims, denies the request for an evidentiary hearing, dismisses this cause in its entirety, and denies a certificate of appealability.

*Philip G. Reinhard*

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT - OPINION

Antonio Salgado, a state prisoner, filed a petition pursuant to 28 U.S.C. § 2254, raising the following claims: (1) he should have been allowed to withdraw his guilty plea to one count of first degree murder because he could have contended that he was only guilty of second degree murder based on his having killed his wife as a result of a sudden and intense passion; and (2) he should have been allowed to withdraw his guilty plea because he was not informed prior to pleading guilty that his sentence could include a three-year term of mandatory supervised release. Respondent has answered, and petitioner has filed a reply.

When a state court rules on the merits of a habeas claim, the federal court's review is limited by the Antiterrorism and Effective Death Penalty Act of 1996. Morales v. Johnson, 659 F. 3d 588, 599 (7th Cir. 2011). Under that Act, the court may grant relief only if the state court's decision on the merits was contrary to or an unreasonable application of clearly established Supreme Court precedent, or if it was based on an unreasonable determination of the facts in light of the evidence. Morales, 659 F. 3d at 599.

Before reaching the merits of a habeas claim, the court must first determine if the claim is procedurally defaulted. Ward v. Jenkins, 613 F. 3d 692, 696 (7th Cir. 2010). The procedural default doctrine precludes federal review of a state court decision when, among other things, the federal claim was not fairly presented to the state court and would be considered by the state courts as procedurally defaulted. Ward, 613 F. 3d at 696. The doctrine requires that to be fairly presented a claim must be raised in concrete, practical terms sufficient to alert the state court to the federal constitutional nature of the claim. Ward, 613 F. 3d at 696. To determine whether a constitutional issue has been fairly presented, the court must consider the following four factors: (1) whether the petitioner relied on federal cases that engage in a constitutional analysis; (2) whether the petitioner relied on state cases that apply a federal constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation. Ward, 613 F. 3d at 696-97.

Errors of state law alone are not cognizable under federal habeas corpus review. Samuel v. Frank, 525 F. 3d 566, 574 (7th Cir. 2008). The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's error deprived the petitioner of a right under federal law can the federal court intervene. Samuel, 525 F. 3d at 574.

**STATEMENT - OPINION**

In this case, petitioner's first claim was not fairly presented to the state court as one based on federal constitutional law. The state appellate court order did not recognize the claim as a federal constitutional claim. Rather, it considered it as a matter of state law only as to whether petitioner had identified a proper basis for withdrawing his guilty plea. This is further reflected by the law cited by the appellate court in support of its decision. The appellate court order does not refer to any federal constitutional principles, any federal cases, or any state-court decisions that relied on federal constitutional law. Additionally, petitioner's appellate brief does not cite to any federal constitutional law, nor does it present any arguments that rely on federal constitutional principles or federal case law.[1] Accordingly, the claim that petitioner was denied the opportunity to withdraw his guilty plea because he had a cognizable defense under state law is procedurally defaulted because it was not presented as a federal constitutional claim to the state court.[2]

Petitioner's second claim in this court is that he should have been allowed to withdraw his guilty plea because he was not informed that his sentence could include a term of mandatory supervised release (MSR). Unlike the previous issue, this claim was fairly presented to the appellate court as a denial of federal due process.

Under established Supreme Court precedent, a guilty plea is valid only if the defendant entered the plea knowingly and voluntarily. United States v. Godwin, 202 F. 3d 969, 972 (7th Cir. 2000) (citing Boykin v. Alabama, 395 U.S. 238, 242-44 (1969)). For a guilty plea to be knowing and voluntary, a defendant must be informed of, among other things, the minimum and maximum penalties for the crime to which he pleads guilty. Godwin, 202 F. 3d at 972.

Here, the state appellate court decision was not an unreasonable application of clearly established Supreme Court precedent. The record demonstrates that petitioner was advised by the state trial court that his potential sentence was "between 20 and 60 years" in the Illinois Department of Corrections (DOC) and that if he was committed to the DOC that "upon release [he] would be required to serve three years of [MSR]." The appellate court determined that this admonishment was sufficient to clearly apprise petitioner that if he pleaded guilty and were "sentenced to a prison term, a term of [MSR] would follow." The appellate court further held that such an admonishment "could not have misled [petitioner] into thinking that imprisonment and [MSR] were alternative penalties." Such a holding was not unreasonable in light of the clearly established due process requirement that a defendant's guilty plea be knowing and voluntary as to the potential penalties faced upon pleading guilty. Therefore, the court denies habeas corpus relief as to this claim.[3]

For the foregoing reasons, the court denies the habeas corpus petition as to all claims, denies the request for an evidentiary hearing, and dismisses this cause in its entirety. The court further denies a certificate of appealability as there has been no substantial showing of the denial of a constitutional right. See Rule 11 of The Rules Governing Section 2254 Cases; 28 U.S.C. § 2253(a)(2); Fed. R. App. P. 22(b).

---

1. The state brief does cite to Strickland v. Washington, 466 U.S. 668 (1984), and also contains a terse alternative argument on its last page that should the appellate court find the principle claim to have been waived then such waiver should be excused based on the ineffective assistance of counsel. The appellate court, however, did address the claim on its merits and therefore it was unnecessary for it to have reached the alternative claim under Strickland. This is further reflected in the appellate court order which states in the first sentence of its "[d]ecision" section that petitioner "does not challenge the effectiveness of [trial counsel]." Thus, this court finds that there was no federal constitutional claim fairly presented to the state court under Strickland.

2. Even if the claim was not procedurally defaulted, the decision of the state appellate court that petitioner, in his motion to withdraw his guilty plea, made no showing to support his proposed "defense" other than a vague general reference thereto, would not be an unreasonable application of Supreme Court precedent as it relates to a knowing and voluntary guilty plea. See generally Boykin v. Alabama, 395 U.S. 238 (1969). Further, to the extent petitioner now asserts a claim of ineffective assistance of trial counsel in this regard, such claim lacks merit as petitioner cannot show any prejudice in light of the fact that he filed a motion to withdraw in the state trial court on the basis of not knowing about this defense and the state trial court conducted a full hearing and ruled on the motion.

3. To the extent petitioner has raised an ineffective assistance of counsel claim, it fails as any failure of his trial counsel to advise him of the potential imposition of MSR was not prejudicial in light of the trial court's clear admonishment.